UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERYL DOYLE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS VUITTON NORTH AMERICA, INC.,<br><br>Defendant. | Case No.: 1:22-cv-02944-DLC<br><br>**JOINT MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL** |

Plaintiff, CHERYL DOYLE ("Doyle" or "Plaintiff"), and Defendant, LOUIS VUITTON NORTH AMERICA, INC. ("LVNA" or "Defendant") (together "Parties"), by their undersigned counsel, respectfully request that the Court stay this case and vacate all Rule 26 and Rule 16 deadlines pending resolution of the appeal of *Warmack-Stillwell v. Christian Dior, Inc.*, Case No. 23-1468, currently before the U.S. Court of Appeals for the Seventh Circuit.

## **LEGAL STANDARD**

This court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))). The power can even "be exercised *sua sponte*." *Cracco v. Vance*, No. 14-cv-08235 (PAC), 2018 U.S. Dist. LEXIS 34546, at *4 (S.D.N.Y. Mar. 2, 2018); *Plaintiffs #1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 279 (E.D.N.Y. 2015) (same).

Courts in this district consider the following factors in determining whether to grant a stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *see also Estate of Heiser v. Deutsche Bank Tr. Co. Americas*, No. 11-CV-1608, 2012 WL 5039065, at *2–3 (S.D.N.Y. Oct. 17, 2012) (discussing wide use of Kappel test by courts in this district to stay civil case pending an appeal). Here, the parties jointly submit that each of those factors weighs in favor of granting a stay.

## ARGUMENT

### A. Staying This Case Pending the Outcome of the Appeal to the Seventh Circuit In a Similar BIPA Case Would Assist the Court, Protect the Parties, and Conserve the Court's Resources

The interests of the parties, the Court, non-parties and the public all weigh in favor of staying this case while a similar case is up on appeal to the Seventh Circuit.

Doyle, individually and on behalf of those similarly situated, alleges that LVNA, a seller of luxury goods, offers a Virtual Try-On feature ("VTO") on its website which allows potential customers to simulate trying on LVNA's sunglasses. Doyle further alleges that by doing so LVNA has violated, and continues to violate, the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, by collecting and possessing potential customers' biometric identifiers (including their face geometry) through the VTO without disclosing that fact or obtaining the required consent. (ECF No. 21). Defendant denies these allegations.

There are several exemptions enumerated in BIPA, including that "[b]iometric identifiers do not include information captured from a patient in a health care setting." 740 ILCS 14/10.

The terms "patient" and "health care setting" are not defined in BIPA. LVNA contends that this exemption, which it refers to as the "general health care exemption," applies to its VTO. Plaintiff contends that it does not. LVNA previously informed this Court at the January 13, 2023 initial pre-trial conference of its intention to raise the general health care exemption issue through a Rule 12(c) motion. LVNA is prepared to proceed with that motion and Plaintiff is prepared to oppose it, but the parties agree that a stay would be preferable in light of forthcoming appellate guidance.

The general health care exemption was recently addressed in another BIPA case involving a luxury retailer offering an eyewear VTO. On February 10, 2023, the United States District Court for the Northern District of Illinois issued a Memorandum Opinion and Order in *Warmack-Stillwell v. Christian Dior, Inc.*, No. 22-C-4633, 2023 WL 1928109 (N.D. Ill. Feb. 10, 2023), granting the defendant's motion to dismiss the plaintiff's BIPA claims pursuant to BIPA's general health care exemption, and entering a final Judgment.[1] The plaintiff in the *Warmack-Stillwell* case is appealing the dismissal order and judgment, and filed her notice of appeal on March 10, 2023. *See* **Exhibit A**. The appeal was docketed on March 13, 2023, and appellant's opening brief is due April 24, 2023. *See* **Exhibit B**.

The defendant in *Warmack-Stillwell*, like LVNA here, manufactures and sells luxury fashion accessories, including sunglasses. In *Warmack-Stillwell*, the district court explained that "[w]hether the general health care exemption applies depends on whether plaintiff, in using the VTO[], was a 'patient' in a 'health care setting.'" *Id.*, 2023 WL 1928109, at *3. The court acknowledged "plaintiff may be right that VTO[] users would be surprised to learn that 'they were entering into a provider/patient relationship,'" but nonetheless held "[b]y using the VTO[]

---

[1] Counsel for Doyle and LVNA in this case also represent, respectively, the plaintiff, Delma Warmack-Stillwell, and defendant, Christian Dior, Inc., in the *Warmack-Stillwell* case.

to try on sunglasses, plaintiff was 'an individual awaiting ... medical care,' and therefore a 'patient,' because the tool facilitates the provision of a medical device that protects vision," and "[f]or the same reasons, use of the VTOT constitutes 'health care,' which is defined as 'efforts made to maintain or restore physical, mental, or emotional well-being especially by trained and licensed professionals.'" *Id*., at *3-4 (citations omitted).

LVNA's position is that *Warmack-Stillwell* is on point and the general health care exemption applies to the instant case for substantially the same reasons set forth in *Warmack-Stillwell*. Doyle's position is that the health care exemption does not apply because Doyle and the proposed Class members are not "patients" of LVNA and LVNA's website is not a "health care setting." Litigating that issue now, rather than awaiting further guidance from the Seventh Circuit, will unnecessarily burden the parties and this Court. The parties agree on this conclusion, but articulate the reasons for it differently.

Plaintiff's position is that *Warmack-Stillwell* is the only case to apply the exemption to a defendant who manufactures and sells fashion accessories, rather than prescription and non-prescription eyewear. Plaintiff would consequently need discovery from LVNA regarding what allegedly makes LVNA's potential customers "patients" and its website a "health care setting" to fully respond to any argument by LVNA that BIPA's health care exemption applied to the VTO. Defendant's position is that *Warmack-Stillwell* is the third decision from Northern District of Illinois judges granting motions to dismiss BIPA claims relating to eyewear VTOs with prejudice based on the general health care exemption, and the second to address non-prescription sunglasses. As a result, no discovery regarding this issue (or any other) is necessary, and proceeding with costly foreign discovery (as further set forth below) while a potentially dispositive issue is pending would be unduly burdensome.

There is no higher court guidance to look to. The Parties have not found any Second Circuit case, New York federal district court case, Illinois Supreme Court case, or Seventh Circuit case addressing BIPA's health care exemption. Due to the uncertainty of this issue, and the lack of precedent, any decision by this Court now regarding the applicability of BIPA's general health care exemption is likely to be appealed, resulting in additional briefing, time, expense, and delay that could be avoided if this matter is stayed pending the Seventh Circuit's decision in the *Warmack-Stillwell* appeal. *See, e.g.*, *Kennedy v. Aegis Media Americas, Inc.*, No. 1:20-CV-3624-GHW, 2021 WL 4077946, at *3 (S.D.N.Y. Sept. 7, 2021) (interests of defendants and third parties weighed in favor of a stay where higher court decision "could result in dismissal of this case, allowing [d]efendants to avoid the significant burdens imposed by continued proceedings," including discovery and third party discovery, "particularly [] given 'that the case is asserted as a class action'" (quoting *Loftus*, 464 F. Supp. 3d at 527); *Readick v. Avis Budget Grp., Inc.*, No. 12-cv-3988, 2014 WL 1683799, at *6 (S.D.N.Y. Apr. 28, 2014) ("[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary.").

Although any Seventh Circuit decision is not binding on this Court, it could be persuasive authority on an important issue in this case and BIPA jurisprudence generally. *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (a court may "properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action," even "where 'the issues in such proceedings are [not] necessarily controlling on the action before the court.'" (quoting *Goldstein v. Time Warner N.Y. City Cable Group,* 3 F. Supp. 2d 423, 437–38 (S.D.N.Y. 1998))).

The Seventh Circuit has not previously addressed BIPA's general health care exemption, making the scope and applicability of the exemption, including whether it applies in circumstances very similar to those in this case, an issue of first impression. The Seventh Circuit's decision on the appeal in *Warmack-Stillwell* will provide needed clarity on the scope of BIPA's general health care exemption, who qualifies as a "patient," what qualifies as a "health care setting," and the exemption's applicability to online retailers offering Virtual Try-On features in connection with the sale of non-prescription sunglasses.

A stay is also appropriate where, as here, even though the cases are not related, it is in the Court's and the public's interest to receive clarification on the scope and application of BIPA's general health care exemption, and a decision by the Seventh Circuit would also provide guidance to the Parties regarding whether and how the exemption applies. *Off-White LLC v. AEUNZN*, No. 1:21-CV-09613 (JLR), 2023 WL 199483, at *1–2 (S.D.N.Y. Jan. 17, 2023) (stay of proceedings warranted where, even though the cases are not related, it is in the court's and the public's interest to get clarification on the legal issue on appeal, and a decision by the appellate court would provide guidance to the Parties).

Finally, a stay would preserve party and judicial resources due to the unique challenges of discovery in this case. Defendant has informed Plaintiff that some of the documents that may be relevant to this litigation are located in France, including documents held by entities affiliated with LVNA. It quickly became apparent to the Parties from their initial meet-and-confer conferences that there may be disputes regarding applicable law and whether LVNA is in "possession, custody, or control" of such documents. Defendant further asserts that foreign discovery may be particularly expensive and burdensome due to the measures necessary to comply with the European General Data Protection Regulation ("GDPR") and a French law

frequently referred to as a "blocking statute." Waiting for further clarification from the Seventh Circuit regarding BIPA's general health care exemption before expending time and resources on these disputes would best serve judicial economy.[2]

Staying the instant case until the Seventh Circuit resolves the appeal in *Warmack-Stillwell* will therefore simplify the issues in the case, streamline the issues at trial, and preserve the resources of the Parties and of the Court, reducing the burden on both.

### B.  The Parties Would Not Be Prejudiced By a Stay

The requested stay would not prejudice the Parties. Doyle and LVNA filed this motion jointly, having both determined that guidance from the Seventh Circuit on BIPA's general health care exemption would be beneficial to the efficient resolution of this litigation.

The Parties also agree that given the early stage of the litigation, neither party will be prejudiced by any delay while the appeal in *Warmack-Stillwell* is decided. Plaintiff filed her First Amended Class Action Complaint (the "Complaint") on July 8, 2022. (ECF No. 21). Defendant filed a motion to dismiss the Complaint on August 8, 2022 (ECF No. 22), which the Court denied as to Plaintiff's Section 15(b) claim by Order dated December 5, 2022 (ECF No. 36). Defendant filed its Answer on December 22, 2022 (ECF No. 40). The Parties served Initial Disclosures on January 27, 2023. Defendant has not yet served discovery on Plaintiff or any third parties. Plaintiff has served document requests and interrogatories on Defendant, and a subpoena for documents on non-party Fittingbox. However, no documents have yet been produced.

---

[2] For the avoidance of doubt, the Parties note that the meet-and-confer process is not complete, and all Parties reserve all rights with respect to these potential disputes and any others.

C. **The Court Should Exercise Its Discretion and Stay All Proceedings**

The Court should exercise its discretion and stay this case pending the outcome of the appeal of the dismissal order and judgment in *Warmack-Stillwell*. *See, e.g.*, *Off-White LLC v. AEUNZN*, No. 1:21-CV-09613 (JLR), 2023 WL 199483, at *1 (S.D.N.Y. Jan. 17, 2023) (stay entered where higher level court "is considering resolution of an important issue of law bearing on this action"); *In re George Washington Bridge Bus Station Dev. Venture LLC*, No. 1:21-CV-8069-GHW, 2022 WL 3363582, at *1–2 (S.D.N.Y. July 9, 2022) (stay of all proceedings granted where the appellate court's "decision could settle a key issue that has direct bearing" on the case); *Kennedy v. Aegis Media Americas, Inc.*, No. 1:20-CV-3624-GHW, 2021 WL 4077946, at *2-3 (S.D.N.Y. Sept. 7, 2021) (stay warranted where higher court's decision "could prove dispositive"). *See also, e.g.*, *Gibbs v. Abt Elecs., Inc.*, No. 21 C 6277, 2022 WL 1641952, at *7 (N.D. Ill. May 24, 2022) (staying BIPA claims pending resolution of appeal in another case where "it cannot be denied" that the higher court's decision "will have a considerable impact on a very rapidly evolving area of law, as well as on how this case proceeds."); *Fleury v. Union Pac. R.R. Co.*, No. 20 C 390, 2021 WL 2588752, at *3 (N.D. Ill. June 23, 2021) (granting stay where any prejudice "would be minimal at most" and was "outweighed by the advantage of clarifying the [] issue" pending on appeal to the Seventh Circuit).

WHEREFORE, Plaintiff, CHERYL DOYLE, and Defendant, LOUIS VUITTON NORTH AMERICA, INC., respectfully request that this Court grant this motion, vacate all deadlines, and establish a new case schedule after the resolution of the appeal in *Warmack-Stillwell v. Christian Dior, Inc.*, No. 23-1468 (7th Cir.).

Dated: March 16, 2023                                      Respectfully submitted,

By: /s/ *Connor T. Gants*                                  By: /s/ *Nada Djordjevic*

Robert E. Shapiro
Maile H. Solís (*pro hac vice*)
Connor T. Gants (*pro hac vice*)
David B. Lurie (*pro hac vice*)
**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**
200 West Madison Street, Suite 3900
Chicago, IL 60606
Ph: (312) 984-3100
Fax: (312) 984-3150
rob.shapiro@bfkn.com
maile.solis@bfkn.com
connor.gants@bfkn.com
david.lurie@bfkn.com

*Counsel for Defendant Louis Vuitton North America, Inc.*

Adam J. Levitt
alevitt@dicellolevitt.com
Amy E. Keller
akeller@dicellolevitt.com
Nada Djordjevic
ndjordjevic@dicellolevitt.com
Sharon D. Cruz
scruz@dicellolevitt.com
James Ulwick
julwick@dicellolevitt.com
**DICELLO LEVITT LLC**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214-7900

James J. Pizzirusso (*admitted pro hac vice*)
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 540-7200

Steven M. Nathan
snathan@hausfeld.com
Katherine Hansson
khansson@hausfeld.com
**HAUSFELD LLP**
33 Whitehall St., 14th Floor
New York, New York 10004
Telephone: (646) 357-1100

*Counsel for the Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

Nada Djordjevic, an attorney, certifies that she served the foregoing **Joint Motion to Stay Proceedings Pending Resolution of Appeal** on all counsel of record, by this Court's electronic filing system, this 16th day of March, 2023.

                                                  /s/   Nada Djordjevic